# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

JASON M. PARKER,
      Plaintiff,

    v.                                     Case No. 17-C-935

C.O. KNECHT, et al.,
      Defendants.

---

## ORDER

Plaintiff Jason M. Parker, who was formerly confined at Kenosha County Jail, filed a complaint under 42 U.S.C. § 1983 alleging that defendants violated his civil rights. This order resolves plaintiff's motion to proceed without prepayment of the filing fee and screens his complaint. Docket Nos. 2 & 1. It also resolves his motion to appoint counsel. Docket No. 8. His motion to correct the name of a defendant is granted. Docket No. 7. C.O. Keintz will now be identified as C.O. Knecht.

*Plaintiff's Motion to Proceed without Prepayment of the Filing Fee*

The Prison Litigation Reform Act (PLRA) applies to this case because plaintiff was incarcerated at the time he filed his complaint. The PLRA gives courts discretion to allow plaintiffs to proceed with their lawsuits without prepaying the $350 filing fee, as long as they comply with certain requirements. 28 U.S.C. § 1915. One of those requirements is that the plaintiff pay an initial partial filing fee. On July 11, 2017, U.S. Magistrate Judge William E. Duffin (the judge assigned to the case at that time) ordered plaintiff to pay an initial partial filing fee of $36.45. Plaintiff paid that fee on July 26, 2017. As such, I will grant his motion to proceed without prepayment of the full filing fee. Plaintiff must pay the remainder of the filing fee.

*Screening of Plaintiff's Complaint*

Federal law requires that I screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). I must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows a court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

To proceed under 42 U.S.C. § 1983, a plaintiff must allege that: 1) he was deprived of a right secured by the Constitution or laws of the United States; and 2) the defendant was acting under color of state law. *Buchanan-Moore v. County of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009) (citing *Kramer v. Village of North Fond du Lac*, 384 F.3d 856, 861 (7th Cir. 2004)); *see also Gomez v. Toledo*, 446 U.S. 635, 640 (1980). I will give a *pro se* plaintiff's allegations, "however inartfully pleaded," a liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

*Plaintiff's Allegations*

Plaintiff alleges that on April 4, 2017, while he was confined at Kenosha County Jail, he began to experience pain and itching through his body. His family called the jail and spoke to the nurses, who advised them to tell plaintiff that he should tell his dorm officer that it was an emergency and he needed to get to "medical" immediately. When plaintiff notified the defendants, dorm officer Holterman, correctional officer Knecht, and correctional officer Shelby, Knecht yelled, "Just 'cause your family called up here, doesn't mean you're going to medical." Knecht became very angry, and plaintiff asked for his badge number. Knecht refused to give it. Later, correctional officer Martini and a nurse were on plaintiff's cell block. The other inmates and plaintiff notified them that he needed medical services, but they ignored him. Docket No. 1 at p. 3-4. Plaintiff seeks monetary damages. *Id.* at 5.

*Analysis*

It appears that at the time of the events underlying this lawsuit, plaintiff was a pretrial detainee. A pretrial detainee's claim of inadequate medical care is a Due Process claim, but it is analyzed in the same way as a prisoner's claim under the Eighth Amendment complaining that officials were deliberately indifferent. *Chavez v. Cady*, 207 F.3d 901, 904 (7th Cir. 2000). Prison officials violate the proscription against cruel and unusual punishment when their conduct demonstrates 'deliberate indifference to serious medical needs of prisoners.'" *Gutierrez v. Peters*, 111 F.3d 1364, 1369 (7th Cir. 1997). This standard contains both an objective element (that the medical needs be sufficiently serious) and a subjective element (that the officials act with a sufficiently culpable state of mind). *Id.* I will allow plaintiff to proceed on a deliberate indifference

claim against defendants Holterman, Knecht, Shelby, Martini, and the not-yet-identified nurse based on his allegations that they ignored his requests for medical treatment when he was experiencing pain and itching throughout his body. Once a scheduling order has been issued, the plaintiff will use discovery to identify the unnamed nurse defendant.

Plaintiff lists many other prison officials in his complaint, but the only defendants he has identified as being actively involved are those I have listed above. Therefore, the following defendants are dismissed from the lawsuit: C.O. Barry, C.O. Valiuga, C.O. Tietz, C.O. Smith, C.O. Rhonda, C.O. Hamilton, Steve (Aramark) Commissary, Sgt. Willstead, Cpl. Reid, Nurse Jamie, C.O. Gaitan, C.O. Israel, C.O. Norwood, Det. Keith, C.O. T. Smith, C.O. Gillett, C.O. Haynes, Desk Clerk, C.O. Martinez, C.O. V. Sarzant, C.O. Vallamolla, and C.O. Todd.

It appears that plaintiff wants to hold the Kenosha County Sheriff's Department and Kenosha County Correctional Health Services (sued as KCCHS) liable for the alleged misconduct of their employees. However, § 1983 "creates a cause of action based on personal liability and predicated upon fault; thus liability does not attach unless the individual defendant caused or participated in a constitutional violation." *Vance v. Peters*, 97 F.3d 987, 991 (7th Cir. 1996).  There is no supervisory liability, collective liability, or vicarious liability under 42 U.S.C. § 1983.  *See Pacelli v. deVito*, 972 F.2d 871, 877 (7th Cir. 1992). Therefore, the Kenosha County Sheriff's Department and Kenosha County Correctional Health Services are dismissed.

*Plaintiff's Motion to Appoint Counsel*

Plaintiff has requested that I appoint him an attorney. Docket No. 8. I have discretion to recruit counsel to represent a litigant who is unable to afford one in a civil case. *Navejar v. Iyiola*, 718 F.3d 692, 696 (7th Cir. 2013); 28 U.S.C. § 1915(e)(1); *Ray v. Wexford Health Sources, Inc.*, 706 F.3d 864, 866-67 (7th Cir. 2013). Once a plaintiff demonstrates he has made a reasonable attempt to secure counsel on his own, I examine "whether the difficulty of the case – factually and legally – exceeds the particular plaintiff's capacity as a layperson to coherently present it." *Navejar*, 718 F.3d at 696 (citing *Pruitt v. Mote*, 503 F.3d 647, 655 (7th Cir. 2007)). This inquiry focuses not only on a plaintiff's ability to try his case, but also includes other "tasks that normally attend litigation" such as "evidence gathering" and "preparing and responding to motions." *Id.*

Based on plaintiff's submissions, I am satisfied he has made a reasonable effort to find an attorney on his own. However, I do not believe that this case is so difficult that he cannot coherently present it on his own at this time. Defendants have not yet responded to plaintiff's complaint. Assuming they file an answer, I will enter a scheduling order setting a discovery deadline. During discovery, plaintiff may send defendants written questions (interrogatories) and/or ask them to produce documents that he believes supports his version of the events. *See* Fed. R. Civ. Pro. 33, 34.

The scheduling order will also set a deadline for the parties to file dispositive motions (such as a motion for summary judgment). In the event defendants file such a motion, plaintiff must respond by telling his version of the events. He may support his

side of the story with a declaration pursuant to 28 U.S.C. §1746[1] and any documents or information he obtains in discovery. Plaintiff is cautioned to adhere to Civil Local Rule 56(b)(2), which requires plaintiffs to respond both to defendants' brief and to defendants' statement of facts. (E.D. Wis.)

Plaintiff's complaint and his communications with the court indicate that he understands his claims and can articulate why he believes he is entitled to relief. Plaintiff's own knowledge of his interactions with defendants will be the most important, and it appears to me that he is able to accurately communicate what happened. Additionally, plaintiff has been released from jail and therefore he should have access to more resources. If circumstances change and plaintiff believes that he can no longer adequately represent himself, he may renew his request that I recruit counsel to represent him.

**THEREFORE**, **IT IS ORDERED** that plaintiff's motion for order to correct name of defendant (Docket No. 7) is **GRANTED.** The defendant referred to as C.O. Keintz in his complaint will be substituted with C.O. Knecht.

**IT IS FURTHER ORDERED** that the plaintiff's motion to proceed without prepayment of the filing fee (Docket No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that C.O. Barry, C.O. Valiuga, C.O. Tietz, C.O. Smith, C.O. Rhonda, C.O. Hamilton, Steve (Aramark) Commissary, Sgt. Willstead, Cpl. Reid, Nurse Jamie, Kenosha County Correctional Health Services (sued as KCCHS),

---

[1] Such a declaration should conclude with the following: "I declare under penalty of perjury that the foregoing is true and correct. Executed on [date]. [Signature]." 28 U.S.C. §1746(2).

C.O. Gaitan, C.O. Israel, C.O. Norwood, Det. Keith, C.O. T. Smith, C.O. Gillett, C.O. Haynes, Desk Clerk, C.O. Martinez, C.O. V. Sarzant, C.O. Vallamolla, C.O. Todd, and the Kenosha County Sheriff's Department are **DISMISSED**.

**IT IS FURTHER ORDERED** that the United States Marshal shall serve a copy of the complaint and this order upon the defendants pursuant to Federal Rule of Civil Procedure 4. The plaintiff is advised that Congress requires the U.S. Marshals Service to charge for making or attempting such service. 28 U.S.C. § 1921(a). Although Congress requires the court to order service by the U.S. Marshals Service, it has not made any provision for these fees to be waived either by the court or by the U.S. Marshals Service. The current fee for waiver-of-service packages is $8.00 per item mailed. The full fee schedule is provided at 28 C.F.R. §§ 0.114(a)(2), (a)(3). The U.S. Marshals will give the plaintiff information on how to remit payment. The court is not involved in collection of the fee.

**IT IS ALSO ORDERED** that Holterman, Knecht, Shelby, Martini, and the not-yet-identified nurse shall file a responsive pleading to the complaint.

**IT IS FURTHER ORDERED** that plaintiff pay the $313.55 balance of the filing fee as he is able. The payments should be sent to the address below and shall be clearly identified by the case name and number assigned to this action.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that the plaintiff submit all correspondence and legal material to:

Office of the Clerk
United States District Court
Eastern District of Wisconsin
362 United States Courthouse
517 E. Wisconsin Avenue
Milwaukee, Wisconsin 53202

The court further advises plaintiff that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Dated at Milwaukee, Wisconsin, this 23rd day of February, 2018.

/s Lynn Adelman
LYNN ADELMAN
United States District Judge